## Rodgers Estate

*Leonard F. Markel, Jr.*, and *W. Albert Sanders*, for petitioner.

*William P. Manning, Jr.*, for claimants.

TAXIS, P. J., October 20, 1961.—Guardian of Florence Smith Rodgers, an incompetent, has filed this petition seeking leave to expend principal (1) to pay hospital and medical expenses of L. May Smith, (2) to pay expenses of the care of L. May Smith during her last illness, (3) to pay the funeral expenses and administration expenses of the estate of L. May Smith, and (4) to pay the inheritance taxes for the estate of L. May Smith.

The petition avers that L. May Smith, sister of the incompetent, died January 11, 1961, testate; that L. May Smith had an estate of only $16.42; that in addition to the small personal estate, L. May Smith held account no. E 33724 at the Philadelphia Savings Fund Society in the name of "L. May Smith, in trust for Florence Smith Rodgers;" that said account with ac-

crued interest amounted to $4,320.35 at the death of L. May Smith and that L. May Smith was a single-woman, whose only living close relative was the incompetent.

The question raised by this petition, involving the status of a tentative trust where the assets of the depositor's estate are insufficient to pay funeral and administration expenses, taxes, and certain debts, is similar to the question raised in Currier Estate, 12 D. & C. 2d 319. This court stated in Currier Estate that:

"The question apparently has not been squarely decided in Pennsylvania. Cf. Wagner Est., 86 D. & C. 454, where upon audit of an insolvent estate the orphans' court concluded it lacked jurisdiction to decide the question where the deposit was presently not before it, despite the fact that the guardian of the minor beneficiary joined with the administratrix and requested that the funeral bill be paid. Strong dictum indicated, however, that had jurisdiction existed, the funeral bill and medical expenses, and a preferred debt, would have been paid out of the tentative trust": 12 D. & C. 2d 320-321.

Currier Estate extended the doctrine of tentative trusts by allowing funeral expenses and taxes to be paid from the proceeds of the tentative trust. The present case would add administration expenses and certain debts incurred during decedent's last illness. There is no reason for distinguishing administration expenses and the debts incurred. Section 58d of the Restatement of Trusts pertaining to tentative trusts reads, in part, as follows:

"So also, on the death of the depositor if the deposit is needed for the payment of his debts, his creditors can reach it. So also, if it is needed it can be applied to the payment of his funeral expenses and the

expenses of the administration of his estate, if he has not sufficient other property which can be applied for these purposes."

As noted in Currier Estate, supra, other jurisdictions have generally charged such a fund with funeral expenses, taxes, administration expenses and debts to the extent necessary: In re Reich's Estate, 262 N. Y. S. 623; Scott on Trusts (2d ed.) 497, §58.5.

This court determines, therefore, that insofar as the general assets of the estate of L. May Smith are insufficient to pay the creditors, funeral expenses, administration expenses and taxes, these obligations shall be paid by the guardian from the proceeds of the trust account. Any excess, however, will belong to the beneficiary named in the tentative trust, since the presumption that the trust became absolute upon the death of the depositor will only be rebutted to the extent necessary to make these payments: In re Reich's Estate, supra.

And now, October 20, 1961, the prayer of the petition is granted and leave granted guardian to make the expenditures set forth in the petition for the benefit of the estate of L. May Smith.